# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CHERYL MILLER-HAMILTON, | No.: 11-378 |
| Plaintiff, | |
| v. | **LIST ON REMOVAL** |
| ALLIEDBARTON SECURITY SERVICES, L.L.C. and STEVE REFFIT, | |
| Defendants. | |

COMES NOW Defendant AlliedBarton Security Services, L.L.C., pursuant to Local Rule 81(a), and certifies:

A. All pleadings or papers filed in the state court proceeding and served on Defendant are attached hereto.

B. No matters are pending in the state court that will require resolution by this Court, other than the claims asserted by the Plaintiff.

C. The following attorneys for Plaintiff have appeared in the state court action:

Paige Fiedler (AT0002496)
Whitney Judkins (AT00010357)
Fiedler & Timmer, P.L.L.C.
2900 100th St., Suite 209
Urbandale, IA 50322
Telephone: (515) 254-1999
Facsimile: (515) 254-9923
paige@employmentlawiowa.com
whitney@employmentlawiowa.com

D. The following attorneys for Defendants have appeared in the state court action solely in connection with filing the Notice of Removal as required by 28 U.S.C. § 1446:

Nathan J. Overberg (AT0005932)
Amanda G. Wachuta (AT0008250)

Ahlers & Cooney, P.C.
100 Court Avenue, Suite 600
Des Moines, IA 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: noverberg@ahlerslaw.com
awachuta@ahlerslaw.com

/s/ Amanda G. Wachuta
Nathan J. Overberg (AT0005932)
Amanda G. Wachuta (AT0008250)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: 515/243-7611
Facsimile: 515/243-2149
E-mail: noverberg@ahlerslaw.com
awachuta@ahlerslaw.com

--and--

**MARTENSON, HASBROUCK & SIMON LLP**
Marty N. Martenson (*pro hac vice* to be filed)
Donna L. Keeton (*pro hac vice* to be filed)
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
Tel: 404-909-8100
Fax: 404-909-8120
E-mail: mnmartenson@martensonlaw.com
E-mail: dkeeton@martensonlaw.com

**Attorneys for Defendant
AlliedBarton Security Services LLC**

Electronically filed.

Electronically served on all parties.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on August 23, 2011.

By ☐ U.S. Mail ☐ Fax

☐ Hand Delivery ☐ Private Carrier

☒ Electronically through CM-ECF

Signature /s/ Amanda G. Wachuta

00812235-1\99540-000

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CHERYL MILLER-HAMILTON<br><br>     Plaintiff,<br><br>vs.<br><br>ALLIEDBARTON SECURITY SERVICES, L.L.C. and STEVE REFFITT,<br><br>     Defendants. | CL NO. 122853<br><br><br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):   ALLIEDBARTON SECURITY SERVICES, L.L.C.

    You are notified that a Petition at Law has been filed in the office of the clerk of this court naming you as the respondent in this action. A copy of the Petition is attached to this notice. The attorneys for the plaintiff are Paige Fiedler and Whitney Judkins of Fiedler & Timmer, P.L.L.C., whose address is 2900 – 100th Street, Suite 209, Urbandale, Iowa 50322. Their phone number is (515) 254-1999; facsimile number (515) 254-9923.

    You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

*/s/ Randy Osborn*
CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa 50309

**IMPORTANT:**
**You are advised to seek legal advice at once to protect your interests.**

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| CHERYL MILLER-HAMILTON, | CL No. 122853 |
| Plaintiff, | |
| v. | PETITION AND JURY DEMAND |
| ALLIEDBARTON SECURITY SERVICES, L.L.C. and STEVE REFFITT, | |
| Defendants. | |

COMES NOW the Plaintiff, by and through her attorneys, and for her cause of action hereby states the following:

## INTRODUCTION

1. This is an action under the Iowa Civil Rights Act and the Americans with Disabilities Act, challenging the illegal employment practices directed at Plaintiff by the Defendants.

2. Plaintiff Cheryl Miller-Hamilton is a resident of Polk County, Iowa.

3. Defendant AlliedBarton Security Services, L.L.C. ("AlliedBarton") is a Delaware corporation doing business in Polk County, Iowa.

4. Defendant Steve Reffit is a resident of Polk County.

5. The acts of which Plaintiff complains occurred in Polk County, Iowa.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331 and the Court's pendent claim jurisdiction under 28 U.S.C. section 1367(a).

7. Venue is appropriate in this District under U.S.C. section 1391(b) and (c).

## PROCEDURAL REQUIREMENTS

1

8. On approximately August 5, 2010, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

9. On approximately May 5, 2011, less than 90 days prior to the filing of this Complaint, the Iowa Civil Rights Commission issued an Administrative Release with respect to Plaintiff's charges of discrimination against Defendants.

10. On approximately May 12, 2011, less than 90 days prior to the filing of this Complaint, the Equal Employment Opportunity Commission issued a right to sue letter with respect to Plaintiff's charges of discrimination against Defendants.

## FACTUAL BACKGROUND

11. Plaintiff began working for Defendants as a security guard in April 2010.

12. Plaintiff worked on site at TEAM Technologies, Defendants' customer.

13. Plaintiff has emphysema and chronic obstructive pulmonary disease ("COPD").

14. Plaintiff notified Defendants that she might have to be placed on supplemental oxygen as a result of her disabilities.

15. Defendants told her if that occurred, she would most likely be fired, but they could not explain why.

16. On approximately July 9, 2010, Plaintiff's physician placed her on supplemental oxygen as a result of her disabilities.

17. On July 12, 2010, Plaintiff told Team Technologies Facilities Manager Paul Thornton that she would have to work with an oxygen tank.

18. Paul Thornton told Plaintiff he was happy to accommodate her need for supplemental oxygen as a result of her disability.

2

19. Plaintiff worked with an oxygen tank from July 9 through July 21 and had no problems performing her job duties.

20. On July 21, 2010, Defendants fired Plaintiff because she needed supplemental oxygen.

21. Defendants' stated reason for firing Plaintiff was that AlliedBarton had a policy against having flammable tanks in the workplace.

22. Plaintiff was replaced by a man who was not disabled.

23. Defendant Steve Reffit was an employee and agent of Defendant AlliedBarton, acting at all material times within the scope of his employment.

## COUNT I
## VIOLATIONS OF THE IOWA CIVIL RIGHTS ACT
## DISABILITY DISCRIMINATION & RETALIATION

24. Plaintiff repleads paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff's emphysema and COPD substantially interferes with the operation of her body's respiratory function.

26. Plaintiff's emphysema and COPD substantially interferes with her ability to breathe.

27. Plaintiff is and was disabled within the meaning of the ICRA.

28. Plaintiff is and was able to perform the essential functions of her job with or without reasonable accommodation.

29. Defendants failed to accommodate Plaintiff's disability in violation of the ICRA.

30. Defendants discriminated against Plaintiff.

31. Plaintiff's disability was a motivating factor in such discrimination.

32. Plaintiff asked Defendants for reasonable accommodation, complained to Defendants about the discrimination she experienced, opposed practices made unlawful by the ICRA, and otherwise engaged in protected activity.

33. Defendants retaliated against Plaintiff.

34. Plaintiff's protected activity was a motivating factor in Defendants' retaliation.

35. As a result of Defendants' acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including, but not limited to mental and emotional distress; humiliation; fear, embarrassment; lost enjoyment of life; lost wages; benefits; and other emoluments of employment.

36. Defendants acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter them and others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

37. Plaintiff repleads paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff was disabled within the meaning of the Americans with Disabilities Act.

39. Defendants failed to engage in good faith in an interactive process with Plaintiff to assist her in accommodating her disability in violation of the ADA.

40. Defendants failed to accommodate Plaintiff's disabilities in violation of the ADA.

41. Defendants discriminated against Plaintiff with respect to the terms and conditions of her employment.

42. Defendants retaliated against Plaintiff.

43. Plaintiff's protected activity was a motivating factor in Defendants' actions against her.

44. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages as set forth above.

45. Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others, for appropriate equitable relief, for interest as allowed by law, for attorney's fees, for the costs and expenses of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## JURY DEMAND

COMES NOW the Plaintiff, by and through her attorneys, and hereby requests a trial by jury.

        FIEDLER & TIMMER, P.L.L.C.

        */s/ Whitney Judkins*
        Paige Fiedler AT0002496
        paige@employmentlawiowa.com
        Whitney Judkins AT 00010357
        whitney@employmentlawiowa.com
        2900 – 100th Street, Suite 209
        Urbandale, Iowa 50322
        Telephone: (515) 254-1999
        Fax: (515) 254-9923
        ATTORNEYS FOR PLAINTIFF